**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

JAMES G. PAULSEN, Regional Director of
Region 29 of the National Labor Relations Board,
for and on behalf of the NATIONAL LABOR
RELATIONS BOARD,

Case No. : 13-CV-3762 (KAM) (RER)

                 Petitioner

     v.

ALL AMERICAN SCHOOL BUS CORP., ANJ
SERVICE, INC., ATLANTIC QUEENS BUS
CORP., BOBBY'S BUS CO. INC., BORO
TRANSIT, INC., B-ALERT INC., ATLANTIC
ESCORTS INC., CITY WIDE TRANSIT, INC.,
CANAL ESCORTS, INC., CIFRA ESCORTS,
INC., EMPIRE STATE ESCORTS, INC.,
GOTHAM BUS CO. INC., GRANDPA'S BUS
CO., INC., HOYT TRANSPORTATION CORP.,
IC ESCORTS INC., KINGS MATRON CORP.,
LOGAN TRANSPORTATION SYSTEMS, INC.,
LONERO TRANSIT INC., LORISSA BUS
SERVICE INC., MOUNTAINSIDE
TRANSPORTATION CO., INC., PIONEER
SCHOOL BUS RENTAL, INC., PIONEER
TRANSPORTATION CORP., RAINBOW
TRANSIT INC., AMBOY BUS CO., INC.,
RELIANT TRANSPORTATION, INC., RPM
SYSTEMS INC., SCHOOL DAYS INC. and
TUFARO TRANSIT CO. INC.,

                Respondents.

     v.

JAMES G. PAULSEN, purporting to act as
Regional Director of Region 29 of the National Labor
Relations Board, SHARON BLOCK and RICHARD
GRIFFIN, purporting to act as members of the National
Labor Relations Board, and LAFE SOLOMON,
purporting to act as General Counsel of the National
Labor Relations Board

             Counter-Claim Defendants

## ANSWER TO PETITION FOR PRELIMINARY INJUNCTION

**UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT,
COUNTER-CLAIM and THIRD-PARTY COMPLAINT**

Respondents by and through their attorneys, answer petition for preliminary injunction as follows:

1.    Deny that Petitioner is the lawfully appointed Regional Director but admit the remainder of the allegations in paragraph 1 of the Petition.

2.    Deny the allegations contained in paragraph 2 of the Petition.

3.    Admit the allegations contained in paragraph 3 of the Petition.

4.    Admit the allegations contained in paragraph 4 of the Petition.

5.    Deny the allegations contained in paragraph 5 of the Petition.

    a.    Admit the allegations contained in paragraph 5(a) of the Petition.

    b.    Admit the allegations contained in paragraph 5(b) of the Petition.

    c.    Admit the allegations contained in paragraph 5(c) of the Petition.

    d.    Admit the allegations contained in paragraph 5(d) of the Petition.

    e.    Admit the allegations contained in paragraph 5(e) of the Petition.

    f.    Admit the allegations contained in paragraph 5(f) of the Petition.

    g.    Admit the allegations contained in paragraph 5(g) of the Petition.

    h.    Admit the allegations contained in paragraph 5(h) of the Petition.

    i.    Deny the allegations contained in paragraph 5(i) of the Petition.

    j.    (1)    Admit the allegations contained in paragraph 5(j)(1) of the Petition.

        (2)    Admit the allegations contained in paragraph 5(j)(2) of the Petition.

        (3)    Admit the allegations contained in paragraph 5(j)(3) of the Petition.

        (4)    Deny the allegations contained in paragraph 5(j)(4) of the Petition.

        (5)    Deny the allegations contained in paragraph 5(j)(5) of the Petition.

        (6)    Deny the allegations contained in paragraph 5(j)(6) of the Petition.

2

k. (1) Admit the allegations contained in paragraph 5(k)(1) of the Petition.

(2) Admit the allegations contained in paragraph 5(k)(2) of the Petition.

(3) Deny the allegations contained in paragraph 5(k)(3) of the Petition.

l. Deny the allegations contained in paragraph 5(l) of the Petition.

m. Deny the allegations contained in paragraph 5(m) of the Petition.

6. Deny the allegations contained in paragraph 6 of the Petition.

7. Deny the allegations contained in paragraph 7 of the Petition.

8. Deny the allegations contained in paragraph 8 of the Petition.

9. Admit the allegations contained in paragraph 9 of the Petition.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The National Labor Relations Board cannot lawfully act on this complaint inasmuch as it does not have a legal quorum.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Sharon Block, Richard Griffin, Lafe Solomon and James G. Paulsen have not been legally appointed, and thus have no authority to bring this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The parties were at a lawful impasse.

Wherefore, the Court should dismiss the petition in its entirety.

3

## COUNTER-CLAIM AND THIRD-PARTY COMPLAINT

### JURISDICTION

1.     Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of any federal agency to perform a duty owed plaintiffs, including Respondents.  Federal district courts also have original jurisdiction over actions that plainly violate the applicable governing statute or the United States Constitution. *Leedom v. Kyne,* 358 U.S. 184 (1958); *Fay v. Douds*, 172 F.2d 720 (2d Cir. 1949).

2.     The Fifth Amendment to the United States Constitution secures to Respondents a right not to be deprived of liberty or property without due process of law.  Included within such due process right is the right to be free of actions by governmental officials and employees outside the lawful scope of their authority or where the purported authority exercised by such governmental officials and employees has not been validly conferred. *Davis v. Passman,* 442 U.S. 228 (1979). *Butz v. Economou, et. al.*, 438 U.S. 478 (1978).

### FACTS PERTINENT TO ALL COUNTS

3.     Article II, Section 2, Clause 2, of the United States Constitution empowers the President of the United States to appoint public officials, including members of the National Labor Relations Board ("Board"), with the advice and consent of the Senate ("Appointments Clause").

4.     The Board may not exercise any authority under the National Labor Relations Act ("Act") unless it has a quorum of three members lawfully appointed pursuant to the Appointments Clause.  *New Process Steel L.P. v. NLRB,* 130 S.Ct. 3625 (2010).  29 U.S. § 153(b).

5.     The D.C. Circuit Court of Appeals has held that the intrasession recess appointments of Sharon Block and Richard Griffin on January 3, 2013 to the Board pursuant to

the Appointments Clause were invalid. *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2010), petition for cert. filed, No. 12-1281 (April 25, 2013). The Third Circuit Court of Appeals has held consistent with the D.C. Circuit Court in *Noel Canning*. *New Vista Nursing & Rehab.* ___ F. 3d ___, 2013 WL 2099742, at *11-30 (3rd Cir. May 16, 2013). Thus, since at least January 3, 2013, the Board has had only one member and has lacked a lawful quorum.

6. Absent a constitutionally appointed quorum, no agents or delegees of the Board may lawfully exercise any authority purportedly delegated to them. *Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB*, 564 F.3d 469 (D.C. Cir. 2009), cert. denied 130 S. Ct. 3498 (2010).

7. James G. Paulsen was approved as Regional Director for Region 29 of the Board on January 6, 2013, at a time when the Board was without a constitutionally appointed quorum. Paulsen's appointment was, accordingly, invalid and he was and is not a lawful Regional Director of the National Labor Relations Board. Therefore, Paulsen is without authority to act as a Regional Director. Even if Paulsen were a lawful Regional Director, he could not exercise any powers delegated to him by a Board without a quorum.

8. Lafe Solomon is the Acting General Counsel of the Board. The Board purported to delegate authority to Solomon to, *inter alia*, pursue Section 10(j) relief on behalf of the Board. Such delegation was made in November, 2011, at a time when the Board was without a constitutionally appointed quorum due to the invalid recess appointment of Craig Becker. *New Vista Nursing & Rehab.* ___ F.3d ___, *supra*. Therefore, Solomon is without authority to pursue Section 10(j) relief on behalf of the Board.

9. Notwithstanding the fact that at all times material herein, the Board has lacked a constitutionally appointed quorum, the Board (putatively consisting of Mark Pearce, Sharon Block and Richard Griffin), Solomon and Paulsen, and their respective agents and delegees (collectively referred to as "Counter-defendants"), acting individually and collectively, but at all

times without authority to act as officials of the Board, have purported to wield authority under the Act, including, but not limited to, investigating and processing unfair labor practice charges against Respondents, filing and prosecuting a Consolidated Complaint against Respondents, and seeking the extraordinary and discretionary remedy of Section 10(j) injunctive relief.

10. Counter-defendants, individually and collectively, have taken such actions with full knowledge of the respective Circuit Court Orders in *Noel Canning* and *New Vista*, and without first seeking and obtaining a stay of such Orders.

11. Respondents, by letter dated July 8, 2013, reminded Solomon and Paulsen that they are without authority to wield power under the Act and requested that they cease and desist from prosecuting the Consolidated Complaint and the petition for Section 10(j) relief ("Petition").

12. Counter-defendants have taken the above-described actions with full knowledge of the holdings of the Supreme Court, D.C. Circuit Court of Appeals and the Third Circuit Court of Appeals. In doing so, Counter-defendants have, *inter alia*, violated Respondents' due process rights.

13. Counter-defendants are knowingly acting unlawfully, without any governmental authority being validly conferred and with reckless disregard of the damage caused to parties subject to the putative jurisdiction of the Board, including Respondents, who are adversely affected by such unlawful actions.

14. Counter-defendants' intentional exercise of governmental authority in the face of the Circuit Court Orders, and willful and reckless disregard of the due process rights and other interests of parties subject to the jurisdiction of the Board, including Respondents, precludes an assertion of sovereign immunity.

15. Respondents have expended substantial time, money and resources in defending against the unlawful, *ultra vires*, and reckless actions of the Counter-defendants.

16. Respondents have been irreparably harmed by the unlawful, *ultra vires* actions and the willful and reckless disregard of the due process rights and other interests of parties subject to the jurisdiction of the Board, including Respondents.

17. Counter-defendants are jointly and severally liable to Respondents for damages caused by their unlawful, *ultra vires*, and reckless actions.

## COUNT ONE
### (INJUNCTIVE RELIEF)

18. Respondents re-allege and incorporate each and every allegation contained in paragraphs 1-17 above as if fully set forth herein.

19. Counter-defendants, by bringing and prosecuting the unlawful Petition and underlying Consolidated Complaint, have had the immediate, direct, and proximate result of violating Respondents' due process rights and forcing Respondents to expend substantial sums of money, time and other resources to defend against unlawful and *ultra vires* proceedings.

20. Respondents have suffered irreparable injuries and will continue to suffer immediate and irreparable injuries should Counter-defendants continue to prosecute the unlawful Petition and Consolidated Complaint, for which there is no adequate remedy at law.

21. Respondents are entitled to preliminary and permanent injunctive relief enjoining Counter-defendants from continuing to pursue the unlawful Petition.

## COUNT TWO
### (DECLARATORY JUDGMENT)

22. Respondents re-allege and incorporate each and every allegation contained in paragraphs 1-21 above as if fully set forth herein.

7

23. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201. Respondents seek a judicial determination of the rights and duties of Counter-defendants and Respondents with respect to an actual controversy regarding the authority of the Board to prosecute the Petition and proceed with the Consolidated Complaint.

24. The Board's prosecution of the Petition and the Consolidated Complaint has had the immediate, direct and proximate result of violating Respondents' due process rights and forcing Respondents to expend substantial sums of money, time and other resources to defend against unlawful and *ultra vires* proceedings.

25. An actual justiciable controversy exists between the Counter-defendants and Respondents regarding Counter-defendants' prosecution of the *ultra vires* and unlawful proceedings.

26. Declaratory relief will resolve the dispute between the parties and determine their respective rights and obligations under the United States Constitution, Unites States Code and relevant case law.

## COUNT THREE
### (MONEY DAMAGES)

27. Respondents re-allege and incorporate each and every allegation contained in paragraphs 1-26 above as if fully set forth herein.

28. Counter-defendants, by bringing and prosecuting the unlawful Petition and the Consolidated Complaint, have had the immediate, direct and proximate result of violating Respondents' due process rights and forcing Respondents to expend substantial sums of money, time and other resources—in an amount that is readily quantifiable—to defend against unlawful and *ultra vires* proceedings.

8

29.     Respondents have suffered and are entitled to recover money damages against Counter-defendants for continuing to prosecute the unlawful Petition and Consolidated Complaint.

30.     Counter-defendants' conduct is willful, malicious and in reckless disregard of Respondents' rights, entitling Respondents' to punitive damages.

Wherefore, Respondents request this Court enter judgment:

A.      preliminarily and permanently restraining Counter-defendants from prosecuting in any way the Petition of the Board for Preliminary Injunction under Section 10(j) of the Act and the Consolidated Complaint;

B.      declaring that the bringing and prosecuting of the Petition of the Board for Preliminary Injunction Under Section 10(j) and Consolidated Complaint are *ultra vires* and unlawful;

C.      in Respondents' favor for compensatory damages in an amount to be determined at trial;

D.      awarding Respondents punitive damages in an amount to be determined at trial;

E.      for any other relief the Court deems just and proper; and

F.      granting Respondents' costs and attorneys' fees.

## JURY DEMAND

Respondents demand a trial by jury on all matters to which they are so entitled by law.

Dated: New York, New York
       July 12, 2013

Jeffrey D. Pollack, Esq.
Mintz & Gold LLP
470 Park Avenue South, 10th Fl, North
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
pollack@mintzandgold.com
*Attorneys for all Respondents except Canal*
*Escorts, Inc. and B-Alert Inc.*

Richard Milman, Esq.
Michael J. Mauro, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success NY 11042
Tel: (516) 328-8899
Fax: (516) 328-0082
rich@mmmlaborlaw.com
*Attorneys for Respondents Atlantic Queens Bus*
*Corp., B-Alert Inc., Atlantic Escorts Inc., Canal*
*Escorts, Inc., Amboy Bus Co., Inc., Boro Transit,*

9

Eric B. Chaikin, Esq.
Chaikin & Chaikin
375 Park Ave., Suite 2607
New York, NY 10152
Tel: (212) 688-0888
Fax: (212) 594-5064
*Attorneys for Respondents Tufaro Transit Co.,
Inc. and School Days Inc.*