UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JAMES G. PAULSEN, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,

        Petitioner,

        v.

ALL AMERICAN SCHOOL BUS CORP., *et al.*

        Respondents and Counterclaim/Third-Party Plaintiffs,

        v.

JAMES G. PAULSEN, *et al.*,

        Counterclaim/Third-Party Defendants.

No. 1:13-cv-3762 (KAM)(RER)
Judge Kiyo A. Matsumoto

**RESPONDENTS AND COUNTERCLAIM/THIRD-PARTY PLAINTIFFS'
MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
COUNTERCLAIM/THIRD-PARTY COMPLAINT COUNTS ONE
AND TWO FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

**Title**                                                                                                      **Page**

I.      PRELIMINARY STATEMENT ...........................................................................................1

II.     STATEMENT OF FACTS ................................................................................................1

        A.      Procedural Facts.................................................................................................1

        B.      Facts Specifically Relevant to Jurisdiction.............................................................3

                1.      The Putative Recess Appointments of Defendants Block
                        and Griffin to the National Labor Relations Board ......................................3

        C.      The Appointment of James G. Paulsen, Regional Driector,
                Region 29 ..........................................................................................................4

        D.      The Contingent Delegation of Authority to Acting General
                Counsel Lafe Solomon........................................................................................4

III.    STANDARD OF REVIEW ...............................................................................................4

IV.     ARGUMENT ...................................................................................................................5

        A.      Summary of Argument .......................................................................................5

        B.      This Court Has Jurisdiction Under 28 U.S.C. § 1361............................................6

        C.      This Court Also Has Jurisdiction under *Leedom v. Kyne* ......................................8

                1.      Defendants Have Violated a Plain Constitutional or
                        Statutory Provision........................................................................................9

                        a)      The Board and its Agents Could Not Conduct
                                Business on Behalf of the Board......................................................10

                        b)      The Board Did Not Have a Quorum When it
                                Previously Delegated its Section 10(j) Authority to
                                the Acting General Counsel ...........................................................11

                        c)      The Putative Regional Director's Appointment Was
                                Unlawful and He May Not Prosecute Any Actions
                                Against Respondents......................................................................13

                2.      Respondents Lack an Alternate Avenue of Review .................................14

Package Page No.000053

D.    The Cases Cited by Defendants for the Proposition That the District Courts Do Not Have Jurisdiction to Enjoin Prosecution of This Case Are Inapplicable ................................................................................14

E.    Final Action in This Case By New Board Members Will Not Cure the Denial of Respondents' Due Processs Rights ...................................................17

V.    CONCLUSION ....................................................................................................19

Package Page No.000054

# <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

FEDERAL CASES

Aref v. U.S,
452 F.3d 202 (2d Cir. 2006)............................................................................7

Bokat v. Tidewater Equip, Company,
363 F.2d 667 (5th Cir. 1966) ........................................................................15

Butz v. Economou, et al.,
438 U.S. 478 (1978).........................................................................................7

Calatrello v. JAG Healthcare,
2012 WL 4919808 (N.D. Ohio Oct. 16, 2012) ............................................16

City of New York v. Heckler,
742 F.2d 729 (2d Cir. 1984)............................................................................7

City of New York v. Milhelm Attea & Bros., Inc.,
550 F. Supp. 2d 332 (E.D.N.Y. 2008) ............................................................5

Davis v. Passman,
442 U.S. 228 (1979).........................................................................................7

Detroit Newspaper Agency v. NLRB
 286 F.3d 391, 396 (6th Cir. 2002) ...............................................................15

Dixon v. NBC Universal Media, LLC
2013 U.S. Dist. LEXIS 75313 (S.D.N.Y. May 28, 2013)............................15

Evans v. Stephens,
387 F.3d 1220 (11th Cir. 2004) ...............................................................16, 17

Frankl v. HTH,
650 F.3d 1334 (9th Cir. 2011) ......................................................................15

Gottschalk v. Piggly Wiggly Midwest,
861 F. Supp.2d 962 (E.D. Wis. 2012)..........................................................16

Kiewit Power Constructors Co. v. NLRB,
652 F.3d 22 (D.C. Cir. 2011) ........................................................................15

Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB,

Package Page No.000055

564 F.3d 469, 385 U.S. App. D.C. 354 (2009) ..................................................................10, 13

Leedom v. Kyne,
358 U.S. 184 (1958)..................................................................1, 8, 14, 17, 19

Lineback v. Printpack,
979 F. Supp. 831 (S.D. Ind. 1997) ..................................................................1, 8, 14, 17, 19

London v. Polishook,
189 F.3d 196 (2d Cir. 1999)..................................................................5

Luckett v. Bure,
290 F. 3d 493 (2d Cir. 2002)..................................................................5

Mayer v. Ordman,
391 F.2d 889 (6th Cir. 1968) ..................................................................15

New Process Steel v. NLRB,
560 U.S._, 130 S. Ct. 2635,
177 L. Ed. 2d 162 (2010) ..................................................................4, 9, 10, 11, 12, 18

NLRB v. Enterprise Leasing Co. SE, LLC,
4th Cir., No. 12-1514 (July 17, 2013)..................................................................15, 16, 17

NLRB v. New Vista Nursing & Rehab.,
719 F.3d 203 (3rd Cir. 2013) ..................................................................4, 13, 15, 16, 17

Noel Canning v. NLRB,
705 F. 3d 490 (D.C. Cir. 2013,
cert. pending S. Ct. No. 12-1281 (filed April 25, 2013) ...............3, 4, 9, 10, 11, 12, 13, 15, 16, 17

Overstreet v. SFTC,
2013 WL 1909154,
2013 U.S. Dist. LEXIS 66694 (D.N.M. May 9, 2013) ..................................................................15, 16

Patent Office Prof'l Assn. v. FLRA,
128 F.3d 751 (D.C. Cir. 1997) ..................................................................6

Paulsen v. Renaissance Equity Holdings, LLC,
849 F. Supp. 2d 335 (E.D.N.Y. 2012) ..................................................................16

Raila v. United States,
355 F.3d 118 (2d Cir. 2004)..................................................................5

Railway Labor Executives' Assn. v. National Mediation Board,
29 F.3d 655 (D.C. Cir. 1994) ..................................................................8

iv

Southern Power Co. v. NLRB,
664 F.3d 946 (D.C. Cir. 2012) ...............................................................15

Squillacote v. Teamsters Local 348,
561 F.2d 31 (7th Cir. 1977) ...................................................................15

Sutherland v. Ernst & Young LLP,
2013 U.S. App. LEXIS 16513 (2d Cir. Aug 9, 2013) ...............................15

Telecomms. Research & Action Ctr. v. FCC,
750 F.2d 70 (D.C. Cir. 1984) ...................................................................6

United States v. Allocco,
305 F.2d 704 (2d Cir. 1962) .............................................................16, 17

United States v. Woodley,
751 F.2d 1008 (9th Cir. 1985) ................................................................17

U.S. ex ref. Kreindler & Kreindler v. United Technologies Corp.,
985 F.2d 1148 (2d Cir. 1993) ...................................................................5

Zipp v. Geske & Sons, Inc.,
103 F.3d 1379 (7th Cir. 1997) .................................................................5

FEDERAL STATUTES

28 U.S.C. § 1361 ........................................................................1, 17, 19
29 U.S.C. § 153(b) .............................................................................9, 12
29 U.S.C. § 153(d) ...................................................................................11
29 U.S.C. § 154(a) ...................................................................................13
29 U.S.C. § 158(a) .....................................................................................2
28 U.S.C. § 160(j) ......................................................................................2

FEDERAL RULES

Fed. R. Civ. P. 12(b)(1) ..............................................................................4

CONSTITUTIONAL PROVISIONS

U.S. Const., art. I, § 5, cl. 4 ........................................................................3
U.S. Const., art. II .....................................................................................12
U.S. Const., art. II, § 2, cl. 3 ...................................................................3, 11

FEDERAL REGULATIONS

Further Amendment to Memorandum Describing Authority and
Assigned Responsibilities of the General Counsel,

Package Page No.000057

77 Fed. Reg. 45696 (Aug. 1, 2012)...........................................................................................13

Order Contingently Delegating Authority to the General Counsel,
76 Fed. Reg. 69768 (Nov. 9, 2011)...........................................................................................4

Revocation of Assignment of Responsibilities to the Associate General Counsels
Of the Division of Operations and Divisions of Law, Respectively,
20 Fed. Reg. 2175 (Apr. 1, 1955) ...........................................................................................13

29 C.F.R. § 102.15 (1986) ...........................................................................................14
OTHER AUTHORITY

Days in Session Calendars, U.S. Senate – 112th Congress,
1st and 2nd Sessions, The Library of Congress Thomas,
http://thomas.loc.gov/home/ds/...........................................................................................3

Press Release, White House, President Obama Announces Recess
Appointments to Key Administration Positions (Mar. 27, 2010).................................................12

Package Page No.000058

## I.    PRELIMINARY STATEMENT

This is not an ordinary labor case.

This matter involves the unlawful and *ultra vires* exercise of authority under the National Labor Relations Act ("Act") by individuals invalidly appointed to the National Labor Relations Board ("Board"), the unlawful delegation of power to the Acting General Counsel of the Board and the invalid and unlawful appointment of a Regional Director by the putative Board, all of whom have unlawfully wielded power, ostensibly under the auspices of the Board, to the detriment of Respondents. The actions taken by Defendants that are the subject of Respondents and Counterclaim/Third-Person Defendants' ("Respondents") claims were wholly and completely outside of the statutory structure of the Act and, accordingly, the jurisdiction of the circuit courts of appeal. Furthermore, such acts were in clear violation of a specific prohibition in the Act. As such, Respondents respectfully submit this Court plainly has jurisdiction to address Respondents' Counterclaims under both 28 U.S.C. § 1361 and the jurisdictional doctrine set forth in *Leedom v. Kyne*.

## II.    STATEMENT OF FACTS

### A.    Procedural Facts

The Respondents have a long-standing collective bargaining relationship with Local 1181-1061, Amalgamated Transit Union, AFL-CIO (the "Union") and individually sign collective bargaining agreements with the Union. The last agreement expired on December 31, 2012.

The parties engaged in negotiations for a successor agreement beginning October 23, 2012. After twelve sessions over a period of five months the parties failed to reach agreement on any economic terms and on a material and crucial most-favored nations provision. Respondents declared impasse on March 19, 2013 and implemented their best and final offer.

The Union filed a series of unfair labor practice charges with Region 29 of the National Labor Relations Board alleging that Respondents had violated Section 8(a)(1) and (5) of the Act, 29 U.S.C. § 158(a)(1) and (5).  Pet. Exh. A2.  Putative Region 29 Director James Paulsen (the "Regional Director"), on behalf of Acting General Counsel Lafe Solomon, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (the "Consolidated Complaint"), on June 10.  Pet. Exh. A3.

Putative Regional Director Paulsen sought authorization from the Acting General Counsel and the Board to obtain preliminary injunctive relief against the Respondents pending the Board's final adjudication of the unfair labor practice cases, pursuant to Section 10(j) of the Act, 29 U.S.C. § 160(j).  On June 28, 2013, the Acting General Counsel authorized this proceeding, and on the same date, the putative Board did likewise.  Declaration of James Paulsen, ¶ 8, Defendants' Exh. 6.  Accordingly, on July 3, the putative Regional Director filed the Petition for Preliminary Injunction (the "Petition").

Respondents filed their Answer to the Petition on July 12.  Dkt. No. 18.  In that Answer, Respondents denied the pertinent factual allegations of the Petition, asserted affirmative defenses that the Board cannot lawfully act on the complaint inasmuch as it does not have a legal quorum and that Board officials have not been legally appointed, and thus have no authority to bring the action.  Respondents also asserted a Counterclaim and Third-Party Complaint (the "Counterclaim") against the putative Regional Director, the Acting General Counsel, and putative Board Members Sharon Block and Richard Griffin, Jr. (the "Defendants").  *Id.* at 3.

Counts One and Two of the Counterclaim request this Court to enjoin the Board from further processing the unfair labor practice case and declare that further processing of that case would be *ultra vires* and unlawful.  *Id.* at ¶ 21, 23, 30-A, B.  Count Three of the Counterclaim

Package Page No.000060

requests money damages against all of the Defendants. All three Counts of the Counterclaim maintain that the actions of the Board in bringing and prosecuting the Consolidated Complaint and the instant Petition for Preliminary Injunction under Section 10(j) violate the Act's quorum provision and Respondents' constitutional due process rights. *Id.* at ¶ 5-14.

The Consolidated Complaint was amended on July 22, 2013. A hearing on the Consolidated Complaint was conducted before Administrative Law Judge Raymond Green in New York City commencing July 22, 2013 and concluding July 31, 2013.

**B.    Facts Specifically Relevant to Jurisdiction**

**1.    The Putative Recess Appointments of Defendants Block and Griffin to the National Labor Relations Board**

On December 17, 2011, the United States Senate voted to continue the first session of the 112th Congress from December 20, 2011 through January 2, 2012, and to begin the second session on January 3, 2012, consistent with the prohibition against one House of Congress adjourning for more than three days without approval. *See* U.S. Const., Art. I, § 5, cl. 4. The Senate did, in fact, convene on December 20, 21, 23, 27, 30 and January 3, 6, 10, 13, 17, 20 and 23. *See Days in Session Calendars, U.S. Senate – 112th Congress 1st and 2nd Sessions*, The Library of Congress Thomas, http://thomas.loc.gov/home/ds/. (Exhibit "A"). Despite the Senate's express pronouncement (and vote) to hold sessions one day after the commencement of the second session of the 112th Congress, President Obama attempted to make recess appointments of Defendants Sharon Block and Richard Griffin to the Board when the Senate was not in recess.

A "recess" as used in the Recess Appointments Clause, U.S. Const. Art. II, § 2, cl. 3, however, refers only to *intersession* recesses of the Senate. *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013), cert. pending S. Ct. No. 12-1281 (filed April 25, 2013) (Exhibit "B").

Package Page No.000061

Accordingly, the appointments of Block and Griffin to the Board were held unconstitutional and invalid. *Noel Canning, supra.* Consequently, from at least January 3, 2012 through the present the "Board" has consisted of only one validly appointed member, Mark Pearce. For the identical period, i.e., January 3 through the present, the "Board" has been without a quorum.

**C.    The Appointment of James G. Paulsen, Regional Director, Region 29**

James G. Paulsen was approved as Regional Director for Region 29 of the Board on January 6, 2013.   (See Exhibit C).   At the time, the Board was without a constitutionally appointed quorum.

**D.    The Contingent Delegation of Authority to Acting General Counsel Lafe Solomon**

In November, 2011, the Board purported to delegate authority to Acting General Counsel Lafe Solomon.   This purported delegation included the authority to prosecute injunctive proceedings, such as the instant case, under Section 10(j) of the Act.   Order Contingently Delegating Authority to General Counsel, 76 Fed. Reg. 69798 (Nov. 9, 2011) (Exhibit D).   The appointment was made at the time Mark Pearce, Brian Hayes and Craig Becker were purportedly members of the Board.   Mr. Becker was, however, appointed to the Board as an invalid recess appointment. *NLRB v. New Vista Nursing & Rehab.*, 719 F.3d 203, 218-244 (3rd Cir. May 16, 2013) (Exhibit "E").   Therefore, there were only two validly appointed members of the Board when the delegation of authority was made to Mr. Solomon.   Since there was no quorum at the time, the delegation was invalid. *New Process Steel v. NLRB*, 560 U.S. ___, 130 S. Ct. 2635 (2010); *Noel Canning, supra*.

**III.    STANDARD OF REVIEW**

Fed.R.Civ. P. 12(b)(1) provides for dismissal when a federal court lacks jurisdiction over the subject matter of a claim. When a defendant moves to dismiss a cause of action pursuant to

Package Page No.000062

Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004); *City of New York v. Mithelm Attea & Bros., Inc.*, 550 F.Supp. 2d 332 (E.D.N.Y. 2008). Where a defendant raises a bona fide challenge to subject matter jurisdiction, a plaintiff has the burden of proving that jurisdiction is proper by a preponderance of the evidence. See *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); see also *London v. Polishook*, 189 F.3d 196-99 (2d Cir. 1999). Generally, a court considers jurisdictional issues before any other motions to dismiss "since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *U.S. ex ref. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993).

Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Raila, supra* at 119.

## IV.    **ARGUMENT**

### A.    **Summary of Argument**

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction suffers from two profound and insuperable infirmities: (1) the entirety of Defendants' argument is premised upon the false presumption that a *valid*, constitutional Board existed at all times material to these proceedings and; (2) the mistaken assumption that the actions from which Respondents seek relief are reviewable by a circuit court of appeals within the statutory scheme of the Act.

Respondents respectfully submit that Defendants' arguments utterly and completely miss the point. None of the arguments advanced by Defendants demonstrate that this Court lacks subject matter jurisdiction in this matter. On the contrary, Defendants' arguments vividly demonstrate why this Court has jurisdiction over this matter: (1) Defendants' actions are not

Package Page No.000063

reviewable within the jurisdiction of the circuit courts of appeals; and (2) Defendants' actions constitute a plain constitutional and statutory violation.

### B.    This Court Has Jurisdiction Under 28 U.S.C. § 1361

Defendants correctly note that the Act provides the circuit courts of appeals with exclusive jurisdiction to review <u>final</u> Board actions in unfair labor practice proceedings. Defendants cite *Telecomms. Research & Action Ctr. v. FCC* for the proposition that "where a statute commits review of an agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals.  750 F.2d 70, 77-79 (D.C. Cir. 1984).  Defendants maintain that this deprives this Court of jurisdiction to entertain Respondents' counterclaims.

Defendants' argument, however, has a fundamental defect.  Moreover, it steals two bases.

First, the Respondents do not seek review of a final Board action in an unfair labor practice proceeding.  Rather, the actions from which Respondents seek relief are the June 28, 2013 authorization by Defendant Acting General Counsel to seek Section 10(j) relief, the issuance of the Consolidated Complaint against Respondents, and the prosecution of both such actions by agents of the Board.  None of these actions is reviewable by a circuit court of appeals, yet each has unlawfully subjected the Respondents to unwarranted and significant expenditures of time and resources.  Indeed, even Defendants admit precisely that in their Memorandum in Support of Motion to Dismiss: "Courts understand section 3(d) to be a firm limitation on the jurisdiction of federal courts to examine the General Counsel's exercise of those functions.  Thus "[b]oth [the D.C. Circuit] and the Supreme Court have declared . . . that *decisions of the General Counsel of the National Labor Relations Board whether to issue complaints **are not subject to review by this [circuit] court*.**"   (Defendant's Memorandum p. 13 citing *Patent Office Prof'l Assn. v. FLRA*, 128 F.3d 751, 753 (D.C. Cir. 1997).  (Emphasis added).

6

Since the actions of which Respondents complain are not reviewable by a court of appeals as final orders of the Board, they fall without the exclusive jurisdiction of such courts. Respondents' sole avenue of redress is, therefore, with this Court. Defendants' argument would deprive Respondents of any forum to obtain adequate relief from the unlawful, unreviewable actions of invalid officers of the United States government.

The second and more important problem with Defendants' argument is an existential one. Defendants' Memorandum assiduously strains to ignore the rampaging elephant in the room: During all times material hereto there was, and could be, no final Board action because *there was no Board*. In fact, there was no Regional Director.[1] Neither was there a lawful delegation of authority to seek Section 10(j) relief. The "statutory scheme" cited by Defendants as depriving this Court of jurisdiction presumes a valid, constitutional Board. Absent such an entity, the scheme falls apart and is a nullity.

The cases Defendants cite in support of their argument that jurisdiction is within the sole province of the courts of appeals involve <u>reviewable orders</u> issued by a valid, constitutional Board with a quorum. Those cases are the typical, ordinary cases contemplated within the Act's statutory scheme.

That is not the case here. In the present case, various invalid actors purporting to exercise the processes of the Board and Regional Director have taken actions that are not reviewable by the circuit courts of appeals. These actions are unlawful and *ultra vires*. Consequently, this Court has jurisdiction under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to" Respondents, <u>viz.</u>, cease and desist from unlawfully prosecuting the Section 10(j) action and the Consolidated Complaint in clear

---

[1] As such Defendants Block, Griffin and Paulsen were not acting in an "official" capacity within their putative titles.

7

violation of Respondents' due process rights. *Davis v. Passman*, 442 U.S. 228 (1979); *Butz v. Economou, et al.*, 438 U.S. 478 (1978). *See Aref v. U.S.*, 452 F.3d 202, 235 (2d Cir. 2006); *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984).

### C.    This Court Also Has Jurisdiction Under *Leedom v. Kyne*

The Supreme Court has explicitly stated that federal district courts have jurisdiction to determine whether an action by the Board is in excess of the authority delegated under the Act. In *Leedom v. Kyne*, 358 U.S. 184 (1958), the Supreme Court held that such jurisdiction exists when the Board acts "in excess of the delegated powers and contrary to a specific prohibition of the Act." *Id.* at 188. Particularly applicable in this case, the Supreme Court further noted that the federal courts must intervene when the Board has "attempted [the] exercise of power that has been specifically withheld." *Id.* at 189. The review of agency action under *Leedom v. Kyne* involves no deference to the agency. Rather, it requires a straightforward statutory interpretation to determine whether the agency action at issue is in excess of a power delegated by Congress. *See Railway Labor Executives' Assn. v. National Mediation Board*, 29 F.3d 655 (D.C. Cir. 1994) (en banc).

*Leedom v. Kyne* involved the Board's violation of the Act's express provision (found in Section 9(b)(1)) that professional employees have a right to vote separately on the question of their inclusion in a bargaining unit comprised of both professional and nonprofessional employees. The Board, however, had included professional employees in the unit without taking the required vote. The unit determination was not subject to judicial review in a court of appeals. Accordingly, the Court held that the district court had jurisdiction to review Board action "made in excess of its delegated powers and contrary to a specific prohibition in the Act."

The facts in the present case place this matter squarely within this Court's jurisdiction under *Leedom*. Indeed, the facts are even more compelling than in *Leedom*, for in that case,

Package Page No.000066

there was, at least, a Board. *And* a general counsel with lawfully delegated powers. *And* a lawfully appointed Regional Director.

### 1. Defendants Have Violated a Plain Constitutional or Statutory Provision

Defendants in the present case acted in clear excess of the powers delegated by Congress and in plain violation of the applicable statute. 29 U.S.C. § 153(b) provides in pertinent part:

> The Board is authorized to delegate to any group of *three or more members* any or all of the powers which it may itself exercise. ***The Board is also authorized to delegate to its regional directors its powers under section 159*** *of this title* to determine that unit appropriate for the purpose of collective bargaining, to investigate and provide for hearings, and determine whether a question of representation exists, and to direct an election or take a secret ballot under subsection (c) or (e) of section 159 of this title and certify the results thereof, except that upon the filing of a request therefor with the Board by any interested person, the Board may review any action of a regional director delegated to him under this paragraph, but such a review shall not, unless specifically ordered by the Board, operate as a stay of any action taken by the regional director. A vacancy in the Board shall not impair the right of the remaining members to exercise all of the powers of the Board, and ***three members of the Board shall, at all times, constitute a quorum of the Board***, except that two members shall constitute a quorum of any group designated pursuant to the first sentence hereof. (emphasis added).

At no time from the inception of the present case did the Board, the Acting General Counsel nor the putative Regional Director have the authority to conduct business on behalf of the Board, which includes petitioning the Eastern District of New York for Section 10(j) Injunctive Relief and prosecuting the Consolidated Complaint against Respondents.

Pursuant to both *New Process Steel* and *Noel Canning*, *supra* the Board unmistakably lacked a quorum and, therefore, was without the authority to take action. Therefore, the Board lacked the authority to take any steps to prosecute the unfair labor practice claims against the Respondents. Thus, as shown below, Defendants acted "in excess of [their] delegated powers and contrary to a specific prohibition in the Act." Indeed, there is not merely one, but rather ***three*** separate and distinct bases upon which Defendants acted in such excess:

Package Page No.000067

a)    **The Board and its Agents Could Not Conduct Business on Behalf of the Board**

In *Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB*, 564 F.3d 469, 475, 385 U.S. App. D.C. 354, 360 (2009) (*"Laurel Baye"*), the D.C. Circuit Court of Appeals held the "[t]he Board's ability to legally  transact business exists only when three or more members are on the Board."  Relying upon the "basic tenets of agency and corporation law," the court found that any power delegated by the Board ceases to exist once the Board loses its quorum.  *Id.* At 473.

In *New Process Steel*, the Supreme Court of the United States agreed with the D.C. Circuit Court that two (2) members of the Board cannot continue to act for the Board as a quorum.  It chose to neither adopt nor overrule *Laurel Baye's* holding that a delegee's power to act remains dependent upon the Board maintaining a quorum.  *See New Process Steel*, 130 S. Ct. at 2643 n.4 (2010).  Accordingly, neither the Board nor its agents can legally transact business on behalf of the Board.  *See generally, Noel Canning*, 705 F.3d at 499, 506-07 and 513-14.  This means that both the Board and its agents are without the legal authority to continue prosecuting this case, including Defendants' efforts to petition the Eastern District of New York for a Section 10(j) injunction against Respondents.

Moreover, by not being able to transact business on behalf of the Board, neither the Acting General Counsel nor Regional Director could lawfully investigate the underlying charges nor issue an administrative complaint against the Respondents under Section 10 of the Act. Accordingly, although the Board's Section 10(j) petition remains the Respondent's primary concern, the Board's continued unlawful adjudication of the Consolidated Complaint, which is in direct violation of the holding in *Laurel Baye*, has caused and will cause the Respondents to suffer irreparable harm by having to expend money, time and resources in order to defend themselves against the putative Board's unlawful actions.

10

Thus, Defendants' actions throughout these proceedings have been unlawful, *ultra vires*, and in violation of a plain statutory or constitutional provision.

> **b)     The Board Did Not Have a Quorum When it Previously Delegated its Section 10(j) Authority to the Acting General Counsel**

The Board has previously delegated its authority to pursue 10(j) relief to the General Counsel on several occasions, pursuant to Section 3(d) of the Act, which permits the General Counsel to "have such other duties as the Board may prescribe . . . ." 29 U.S.C. § 153(d). Most recently, the Board issued an order on November 3, 2011 in which it delegated "to the General Counsel full and final authority and responsibility on behalf of the Board to initiate and prosecute injunctive proceedings under Section 10(j) or Section 10(e) and (f) of the Act … during any time at which the Board had fewer than three members, unless or until revoked by the Board." (Exhibit "D") At the time that Board Chairman Mark Pearce signed this Order, the Board purportedly consisted of three (3) members: Chairman Pearce, Member Hayes and Member Becker. Accordingly, in order for this delegation to be valid under *New Process Steel*, all three (3) members of the Board must have been validly appointed for the Board to have had the authority to make such a delegation. *See New Process Steel, supra*, 130 S.Ct. at 2643. That was not the case because Member Becker's appointment was unlawful.

In *Noel Canning*, the court expressly held that the President's power to fill vacancies that "happen during the Recess of the Senate . . ." is limited to "intersession recesses." *Noel Canning*, 705 F.3d at 506-07; U.S. Const. Art. II, § 2, cl. 3. Under this standard, the Court found President Obama's appointments of Members Block, Griffin and Flynn to the Board to be invalid since they were not made during the Senate's intersession recess. *Id.* Although the *Noel Canning* court did not specifically address President Obama's appointment of Member Becker to

11

the Board, it held that intrasession recess appointments are "invalid from their inception." *Id.* Member Becker, like Members Block, Griffin and Flynn, was an intrasession recess appointment to the Board. President Obama appointed Member Becker to the Board on March 27, 2010. *See* Press Release, White House, President Obama Announces Recess Appointments to Key Administration Positions (Mar. 27, 2010), available at http://www.whitehouse.gov/the-press-office/president-obama-announces-recess-appointments-key-administration-positions. (Exhibit F). Although the Senate was in recess on that day, it was not on an intersession recess and, in addition, the vacancy that Member Becker filled did not arise during such an intersession recess as required by Article II of the Constitution and as interpreted by the court in *Noel Canning.* *Id.* Accordingly, the President's appointment of Member Becker was outside his authority under Article II of the Constitution. Therefore, Member Becker's appointment was constitutionally invalid. *Noel Canning, supra.*

As an invalid appointment to the Board, Member Becker could not count as one of the three members that are statutorily required for the Board to have a quorum. *See New Process Steel, supra,* 130 S. Ct. at 2644; 29 U.S.C. § 153(b). Accordingly, the Board did not have a quorum on November 3, 2011 when it delegated its Section 10(j) prosecutorial authority to the Acting General Counsel. Thus, this delegation of authority was invalid and, as a result, the Acting General Counsel did not possess the authority to petition the Eastern District of New York for Section 10(j) injunctive relief against the Respondents.

Further, because this delegation of authority was invalid, the authority to pursue Section 10(j) relief remained with the Board. *But at all times material hereto the Board has lacked a quorum.* Without a quorum, the Board is unable to take *any action* pursuant to *New Process Steel.* Accordingly, neither the Board, its agents, Regional Director Paulsen, nor the Acting

12

General Counsel had the authority to take the steps they have taken to prosecute the instant unfair labor practices, including the extraordinary action of petitioning the Eastern District of New York for Section 10(j) relief.  As such, the Section 10(j) petition for injunctive relief that is currently pending against Respondents is unlawful, *ultra vires* and in violation of a plain statutory or constitutional provision.

> c) **The Putative Regional Director's Appointment Was Unlawful and He May Not Prosecute Any Actions Against Respondents**

As noted, when the putative Regional Director for Region 29 issued the Consolidated Complaint, he purported to exercise authority belonging to the Board, which it had delegated to him.  But because the Board lacked a quorum in June, 2013 when the Complaint was issued, the Regional Director could not exercise that authority on the Board's behalf.  *See Laurel Baye*, 564 F.3d at 472-76.  The Consolidated Complaint is, therefore, void, and the proceedings instituted by the Consolidated Complaint are unlawful.  *Noel Canning*, 705 F.3d at 514.

But the putative Regional Director's statutory disability goes even further.  The putative Regional Director's issuance of the Consolidated Complaint and his continued prosecution of these Section 10(j) proceedings are independently unlawful because the putative Regional Director *himself* was invalidly appointed.  Both the Act and longstanding Board policy establish the appointment of Regional Directors requires Board approval.  *See* 29 U.S.C. § 154(a); 20 Fed. Reg. 2175, 2176 (Apr. 1, 1955), *as amended, see, e.g.*, 77 Fed. Reg. 45696 (2012).  The Board announced its appointment of Paulsen on January 16, 2012 (Exhibit C).  The Board, however, had already ceased to have a quorum at least three days earlier, *see Noel Canning*, 705 F.3d at 499-514; in fact, as noted previously the Board had lacked a quorum since August 2011, *See New Vista*, 2013 WL 2099742, at *11-30.  The Paulsen appointment thus was void *ab initio*. *Noel Canning*, 705 F.3d at 493.

Package Page No.000071

Because he did not legally hold office, Defendant Paulsen could not wield authority that the Board's regulations confer exclusively on him as a Regional Director.  29 C.F.R. § 102.15. Consequently, all of his actions related to the initiation and prosecution of the Consolidated Complaint and Section 10(j) action are unlawful, *ultra vires,* and in violation of a plain constitutional or statutory provision.  And because such actions are not reviewable in the circuit courts of appeals, this Court has jurisdiction under *Leedom v. Kyne.*

### 2.  Respondents Lack An Alternate Avenue Of Review.

As Defendants themselves acknowledge, and as more fully set forth in Section IV(B) above, the very actions from which Respondents seek relief are not reviewable by circuit courts of appeal.  Respondents, therefore, have no adequate judicial remedy to prevent or redress Defendants' unlawful actions.

Defendants' argument, taken to its logical conclusion, would permit unconstitutionally-appointed officers of the federal government, in defiance of three separate federal circuit court rulings (and without first obtaining stays thereof), to subject individuals to unlawful, *ultra vires* proceedings at ruinous cost, and yet such individuals would have absolutely no recourse whatsoever to either the federal district courts or circuit courts of appeals.  Defendants' argument is, in a word, Orwellian—verging on Kafkaesque.  Requiring individuals to suffer a harm without a remedy, and to allow invalid actors to abridge due process rights with impunity is inimicable to the rule of law.

Defendants violated a plain statutory or constitutional provision.  Their violations are not reviewable by the circuit courts.  Based on the above, Defendants amply meet the standard of *Leedom v. Kyne* for jurisdiction in this Court.

Package Page No.000072

D.  **The Cases Cited by Defendants for the Proposition That the District Courts Do Not Have Jurisdiction to Enjoin Prosecution of This Case Are Inapplicable.**

The cases cited in Defendants' brief for the proposition that district courts do not have jurisdiction in circumstances such as the present one all involve facts that do not prevail in the present case: i.e., an unconstitutional Board, an unlawful delegation of General Counsel authority, and an invalid Regional Director.  Equally if not more importantly, the majority of cases were decided ***prior*** to the operative 2013 decisions in *Noel Canning, supra, New Vista, supra* and *NLRB v. Enterprise Leasing Co.,* SE. LLC, 4th Cir., No. 12-1514 (July 17, 2013):

- *Southern Power Co. v. NLRB,* 664 F.3d 946 (D.C. Cir. 2012) was originally tried in Region 10 in 2008. The Regional Director at the time was Martin M. Arlook, who was validly appointed and had been serving as Regional Director for decades. The General Counsel at the time was Ronald Meisburg; Meisburg was appointed in 2006, when the NLRB had a full quorum.

- *Kiewit Power Constructors Co. v. NLRB*, 652 F.3d 22 (D.C. Cir. 2011).  The original case was heard in October, 2008, in Overland Park, Kansas. The Regional Director for then-Region 17 (Now Region 14) was Daniel L. Hubbel, appointed in 2007 while the Board had a full quorum. The General Counsel was Ronald Meisburg, receiving authority from a full quorum.

- *Detroit Newspaper Agency v. NLRB*, 286 F.3d 391, 396 (6th Cir. 2002).  The original Board action was taken in late 1995, during which time the NLRB had at least three members. The General Counsel at the time was Frederick Feinstein, who was appointed on March 3, 1994, when the Board had a full quorum.

- *Mayer v. Ordman*, 391 F.2d 889 (6th Cir. 1968).  The original Board action took place on May 13, 1966, during which time the NLRB had a full quorum. The General Counsel at the time was Arnold Ordman. Ordman was appointed on May 14, 1963, when the NLRB carried five members.

- *Bokat v. Tidewater Equip. Co.*, 363 F.2d 667 (5th Cir. 1966).  The original Board action took place in January 1965, when the Board had a quorum.  The General Counsel was again Arnold Ordman, appointed when the Board had a full quorum.

- *Frankl v. HTH Corp.*, 650 F.3d 1334 (9th Cir. 2011).  *Frankl* dealt with original Board actions taking place between January 22 and May 15, 2008.  Although the Board did not have a quorum during this time, the Regional Director during the Board action was Joseph Norelli, appointed in 2005 when the NLRB had at least 3 members.  The General Counsel at the time was Ronald Meisburg, validly appointed in 2006.

Package Page No.000073

- *Overstreet v. SFTC*, 2013 WL 1909154, 2013 U.S. Dist. LEXIS 66694 (D.N.M. May 9, 2013). *Overstreet* concerned original Board action that took place between August 20 and December 20, 2012. The Regional Director during the case was Carnele Overstreet, validly appointed in 1996. The General Counsel at the time was Defendant Lafe Solomon; however, Overstreet's valid appointment in 1996 distinguishes *Overstreet* from the present case.

- *Calatrello v. JAG Healthcare*, 2012 WL 4919808 (N.D. Ohio Oct. 16, 2012). *Calatrello* similarly concerned original Board action that took place during the NLRB's most recent loss of quorum. As in *Overstreet*, the General Counsel at the time was Defendant Lafe Solomon; however, the Regional Director of Region 8 was Frederick Calatrello, validly appointed by the NLRB in 1993. As such, *Calatrello* is distinguishable from the present facts.

- *Paulsen v. Renaissance Equity Holdings, LLC,* 849 F.Supp.2d 335 (E.D.N.Y. 2012). Obviously, this case involved Defendant Paulsen. Notably, however, the case was decided prior to *Noel Canning.*

- *Gottschalk v. Piggly Wiggly Midwest*, 861 F.Supp. 2d 962 (E.D. Wis. 2012). *Gottschalk*, like *Calatrello* and *Overstreet*, concerns an original Board action that took place during the NLRB's most recent loss of quorum. The Regional Director at issue, Irving Gottschalk, was validly appointed in 2006 by a Board with a full quorum.

- *Zipp v. Geske & Sons, Inc.*, 103 F.3d 1879 (7th Cir. 1997); *Squillacote v. Teamsters Local 344*, 461 F.2d 31 (7th Cir. 1977); and *Lineback v. Printpack*, 979 F.Supp. 831 (S.D. Ind. 1997) cited by Defendants for the proposition that district courts do not obtain general jurisdiction over Board action any time a Section 10(j) petition is filed, were all decided prior to the operative 2013 decisions, did not involve invalid Boards, and did not involve clear statutory prohibitions.

In stark contrast, ***every*** circuit court to decide whether the Board had a constitutional quorum from January 2012 forward has held that the Board was without such quorum due to the unconstitutional intrasession recess appointments of Defendants Block and Griffin. Consequently, Defendants' actions in the present case were in plain violation of a statutory and constitutional prohibition. *Noel Canning, supra, NLRB v. New Vista Nursing & Rehab., supra, NLRB v. Enterprise Leasing Co., supra.*

It should be noted that although the Second Circuit has not yet directly addressed the invalidity of the Board due to the intrasession recess appointments of Defendants Block and Griffin, in a case decided only a few days ago the court refused to defer to a Board decision (specifically, *In re D.R. Horton* 357 NLRB No. 184 (January 3, 2012)) because, among other

16

things, "it may have been decided by the National Labor Relations Board without a proper quorum." *Sutherland v. Ernst & Young LLP*, 2013 U.S. App. LEXIS 16513 (2d Cir. August 9, 2013 at FN. 9). *See also Dixon v. NBC Universal Media, LLC*, 2013 U.S. Dist. LEXIS 75313 (S.D.N.Y May 28, 2013).

In addition Defendants' assertion that circuit courts are divided on whether intrasession appointments – such as that in the instant case – are valid is blatantly inaccurate. (*See* Defendants' Memorandum, page 16). The cases cited by Defendants bear two critical differences making them completely inapplicable: 1) they do not involve the National Labor Relations Act and its statutory scheme, including the agency's requirement of a quorum; 2) they do not involve, as is pivotal to the present case, appointments where ***both*** the vacancy and appointment occurred during the intrasession:

- *Evans v. Stephens*, 387 F.3d 1220 (11th Cir. 2004) The vacancy at issue took place before Congress's recess. However, the appointment took place during a recess. As such *Evans* is distinguishable from the present case.

- *United States v. Allocco*, 305 F.2d 704 (2d Cir 1962) As in *Evans*, the vacancy at issue took place before a valid recess. However, President Eisenhower's appointment was made during the recess. As such, *Allocco* is distinguishable.

- *United States v. Woodley*, 751 F.2d 1008 (9th Cir 1985); Like *Evans* and *Allocco*, *Woodley* concerned a recess appointment made during a valid recess, and as such is distinguishable from the present case.

Moreover, ***all*** of the foregoing trio of cases were decided before *Noel Canning*, *New Vista*, and *Enterprise Leasing*, thus rendering them of scant relevance, at best, to the present case.

### E.    Final Action In This Case By New Board Members Will Not Cure The Denial Of Respondents' Due Process Rights.

As a final matter, Defendant's argument that "the Board has not taken a final action in this case and any action the Board renders will be taken by new members whose appointments

Package Page No.000075

have not been challenged" (Defendants' Memorandum at 17) supports Respondents' case and the jurisdiction of this Court.

It is true that on or about July 31, 2013, the United States Senate confirmed five new members to the National Labor Relations Board (Defendant's Block and Griffin were not among them). It is unclear whether, as of this writing, the members have been sworn in. Nonetheless, that has no bearing on this case other than to emphasize that from January 3, 2012 through the swearing in of the confirmed members, there was no valid Board with authority to act on matters solely within the province of Board members.

Regardless, whenever a new Board finally comes into existence, it will not change the fact that all actions taken prior thereto (1) were in plain violation of Section 153(b) of the Act because there is no Board, an improper delegation of General Counsel authority and no Regional Director; (2) none of the actions complained of by Respondents were final orders reviewable by courts of appeals and, therefore, Respondents' avenue for redress lies with this Court; (3) Defendants' actions were a denial of Respondents' constitutional due process rights and contrary to a clear statutory prohibition; and (4) jurisdiction is therefore established under both 28 U.S.C. §1361 and *Leedom vs. Kyne*.

Any new, valid Board cannot retroactively cure the illegitimate actions performed by Defendants which were void *ab initio*. The new Board's authority is confined to conducting a *de novo* review of cases illegitimately decided between January, 2012 and installation of the new Board—just as occurred with the 500 plus cases rendered invalid after the Supreme Court ruled in *New Process Steel* that the Board had lacked a quorum in January, 2008.

Defendants cavalierly offer that Respondents could appeal any final adverse order. But this once again misses the point that (a) no order, whether adverse or favorable, should issue

18

because the process leading to such order was illegitimate; (b) Respondents should, therefore, never have been burdened with an adverse order produced by the illegitimate process; (c) nor should Respondents' constitutional due process rights have been abridged by the illegitimate process; and (d) Respondents were irreparably harmed by the illegitimate process because the bell cannot be unrung.  Not only were Respondents' due process rights abridged, but they incurred considerable costs in time, legal fees and expenses.  More important, as set forth in the uncontroverted testimony adduced at the unfair labor practice hearing before Judge Green, the uncertainty created by Defendants' illegitimate prosecution of the Consolidated Complaint and Section 10(j) action grievously impaired Respondents' ability  to project their labor costs and intelligently bid on bus routes, thereby jeopardizing Respondents' very existence.

These are the very real consequences of an unconstitutional, invalid Board – consequences to which Defendants appear happily oblivious.  Yet Defendants could not possibly have been oblivious because of the unequivocal precedent of *New Process Steel*.  Rather, it is respectfully submitted they have acted imperiously, with full knowledge of the adverse consequences to litigants that did, in fact, flow from that case.

## V.    <u>CONCLUSION</u>

Respondents respectfully submit that this matter is simple and straight forward.  At all times material hereto there was no valid Board, no valid Regional Director, and no valid delegation of authority to the Acting General Counsel.  None could conduct business solely within the authority of the Board, including authorizing and prosecuting the Consolidated Complaint and instant action under Section 10(j).  Defendants' illegitimate actions denied Respondents' constitutional due process rights and were a plain violation of Section 153(b) of the Act.  These actions are not remediable in any forum but this court.  Therefore, this court has jurisdiction under both 28 U.S.C. 1361 and *Leedom vs. Kyne*.

Package Page No.000077

Respectfully submitted,


_/s/ Peter N. Kirsanow_____

Peter N. Kirsanow
Benesch Friedlander Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Tel.:  216-363-4500
Fax:  216-363-4588
E-mail:  pkirsanow@beneschlaw.com
*Attorneys for Respondents*

20

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Memorandum In Opposition was sent via overnight mail and/or email delivery this 12th day of August, 2013 to:

Abby Propis Simms
*Acting Assistant General Counsel*
(202) 273-2934
Abby.Simms@nlrb.gov

Nancy E. Kessler Platt
*Supervising Attorney*
(202) 273-2937
Nancy.Platt@nlrb.gov

Paul A. Thomas
*Attorney*
(202) 273-3788
Paul.Thomas@nlrb.gov

National Labor Relations Board
Special Litigation Branch
1099 14th Street, NW, Suite 8600
Washington, DC 20570

*Attorneys for Counterclaim/Third-Party
Defendants James Paulsen, Lafe Solomon,
Richard Griffin Jr., and Sharon Block, in their
official capacities*

Michael Cordielo, President
Local 1181-1061, Amalgamated Transit
Union, AFO-CIO
10149 Woodhaven Boulevard
Ozone Park, New York  11416-2300

Richard A. Brook
Meyer Suozzi English & Klein P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-7702
rbrook@msek.com

*Counsel for Charging Party*

/s/ Peter N. Kirsanow
*One of the Attorneys for Respondents*

21

Package Page No.000079