# MINTZ & GOLD LLP
ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
PAUL OSTENSEN
LISABETH HARRISON
JACK A. HORN
MARK POMERANTZ
ALEXANDER H. GARDNER
NOREEN E. COSGROVE
RYAN W. LAWLER*
KEVIN M. BROWN
HEATH LORING*
TIMOTHY H. WOLF
JESSICA L. BOFFA*
ADAM R. SELDON*
RICHARD H. TOPAZ*
MAKSIM KATS

470 PARK AVENUE SOUTH
10TH FLOOR NORTH
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

OF COUNSEL

HONORABLE VITO J. TITONE (dec.)
(NY State Court of Appeals 1985-1998)

HONORABLE HOWARD MILLER
(NY Appellate Div. 1999-2010 [ret.])

HARVEY J. HOROWITZ
NEAL M. GOLDMAN
ERIC M. KUTNER*
ANDREW P. NAPOLITANO†

†ADMITTED TO PRACTICE ONLY BEFORE ALL COURTS IN NEW JERSEY AND ALL FEDERAL COURTS IN NEW YORK CITY

*ALSO ADMITTED IN NEW JERSEY

August 21, 2013

**BY ELECTRONIC FILING AND HAND DELIVERY**
The Honorable Kiko A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

    Re:    *Paulsen v. All American School Bus Corp., et al.*,
           Index No.: 13 CV 3762 (KAM)(RER)

Dear Judge Matsumoto:

    We write on behalf of the Respondents in the above-captioned matter, a group of New York City school bus contractors,[1] pursuant to Rule IV.B.1. of Your Honor's Chambers Practices.

    Respondents respectfully request permission to file supplemental authorities to Respondents' Memorandum of Law in Opposition to the Petition for Preliminary Injunction under Section 10(j) of the National Labor Relations Act, as well as to Respondents and Counterclaimants/Third-Party Plaintiffs' Memorandum in Opposition to Motion to Dismiss Counterclaim-Third-Party Complaint Counts I and II for Lack of Subject Matter Jurisdiction.

---

[1] This letter is written on behalf of, and with the consent of counsel for, all respondents in the instant action (collectively, referred to as the "Respondents").

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Kiko A. Matsumoto
August 21, 2013
Page 2 of 3

      The basis for the request is that the case, *Hooks ex rel. NLRB v. Kitsap Tenant Support Servs.*, 2013 WL 4094344, 2013 U.S. Dist. LEXIS 114320 (W.D. Wash. Aug. 13, 2013), is directly on point and dispositive of the Section 10(j) Petition currently pending before this Court. *Hooks* was decided August 13, 2013, by the United States District Court for the Western District of Washington and granted respondents' motion to dismiss the National Labor Relations Board's petition for preliminary injunctive relief pursuant to section 10(j) on the basis that the Board was without power to act for lack of a properly appointed quorum and, thus, ***the Regional Director for Region 19 of the Board was without power to file either the consolidated complaint against respondent or the petition for section 10(j) relief.***

      Just as in *Hooks*, the Board in the present case was without authority to issue the complaint and pursue the section 10(j) injunctive relief against Respondents.

      Given that this very issue has been extensively briefed in the past week, Respondents suggest that additional briefing is unnecessary. However, enclosed please find Respondents' proposed Notice of Supplemental Authorities, along with a copy of the decision in *Hooks ex rel. NLRB v. Kitsap Tenant Support Servs.*, 2013 WL 4094344, 2013 U.S. Dist. LEXIS 114320 (W.D. Wash. Aug. 13, 2013).

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Peter Kirsanow /THW

Peter Kirsanow

and

MINTZ & GOLD LLP

Timothy H. Wolf

# Mintz & Gold LLP
ATTORNEYS AT LAW

Hon. Kiko A. Matsumoto
August 21, 2013
Page 3 of 3

Enclosure

cc:     w/enclosure
        Abby Propis Simms
        Nancy E. Kessler Platt
        Paul A. Thomas
        Annie Hsu
        Erin E. Schaefer
        Richard A. Brook

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES G. PAULSEN, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>    Petitioner,<br><br>    v.<br><br>ALL AMERICAN SCHOOL BUS CORP., *et al.*<br><br>    Respondents and Counterclaim/Third-Party Plaintiffs,<br><br>    v.<br><br>JAMES G. PAULSEN, *et al.*,<br><br>    Counterclaim/Third-Party Defendants. | No. 1:13-cv-3762 (KAM)(RER)<br>Judge Kiyo A. Matsumoto |

**RESPONDENTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Respondents respectfully provide notice to the Court of the attached case, *Hooks ex rel. NLRB v. Kitsap Tenant Support Servs.*, 2013 WL 4094344, 2013 U.S. Dist. LEXIS 114320 (W.D. Wash. Aug. 13, 2013), directly on point with the Section 10(j) Petition currently pending before this Court. *Hooks* was decided August 13, 2013 by the United States District Court for the Western District of Washington, which granted respondent's motion to dismiss the National Labor Relation Board's petition for preliminary injunctive relief pursuant to Section 10(j) on the basis that the Board was without power to act for lack of a properly appointed quorum and, thus, ***the Regional Director for Region 19 of the Board was without power to file either the consolidated complaint against respondent or the petition for section 10(j) relief.***

Just as in *Hooks*, the Board in the present case was without authority to issue the complaint and pursue the section 10(j) injunctive relief against Respondents.

Respectfully submitted,

/s/ Peter N. Kirsanow

Peter N. Kirsanow
Benesch Friedlander Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Tel.: 216-363-4500
Fax: 216-363-4588
E-mail: pkirsanow@beneschlaw.com
*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Supplemental Authorities was sent via email delivery this 21st day of August, 2013 to:

Abby Propis Simms
*Acting Assistant General Counsel*
(202) 273-2934
Abby.Simms@nlrb.gov

Nancy E. Kessler Platt
*Supervising Attorney*
(202) 273-2937
Nancy.Platt@nlrb.gov

Paul A. Thomas
*Attorney*
(202) 273-3788
Paul.Thomas@nlrb.gov

National Labor Relations Board
Special Litigation Branch
1099 14th Street, NW, Suite 8600
Washington, DC 20570

*Attorneys for Counterclaim/Third-Party Defendants James Paulsen, Lafe Solomon, Richard Griffin Jr., and Sharon Block, in their official capacities*

Michael Cordielo, President
Local 1181-1061, Amalgamated Transit Union, AFO-CIO
10149 Woodhaven Boulevard
Ozone Park, New York  11416-2300

Richard A. Brook
Meyer Suozzi English & Klein P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-7702
rbrook@msek.com

*Counsel for Charging Party*

Annie Hsu
Erin E. Schaefer
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, New York   11201

*Counsel for Petitioner*

/s/ Peter N. Kirsanow
*One of the Attorneys for Respondents*

2

No *Shepard's Signal*™
As of: August 21, 2013 10:29 AM EDT

# Hooks ex rel. NLRB v. Kitsap Tenant Support Servs.

United States District Court for the Western District of Washington
August 13, 2013, Decided; August 13, 2013, Filed
CASE NO. C13-5470 BHS

Reporter: 2013 U.S. Dist. LEXIS 114320; 2013 WL 4094344

RONALD K. HOOKS, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner, v. KITSAP TENANT SUPPORT SERVICES, INC., Respondent.

Core Terms

hook, appoint, motion to dismiss, recess, next session, injunctive relief, penalty provision, period of time, sine die, adjournment, consolidate, blockade, nominate, confirm, vacancy, exempt

Counsel: [*1] For Ronald K Hooks, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner: Elizabeth DeVleming, Richard Fiol, LEAD ATTORNEYS, NATIONAL LABOR RELATIONS BOARD (WA), SEATTLE, WA; Anne Phyllis Pomerantz, NATIONAL LABOR RELATIONS BOARD (WA), SEATTLE, WA.

For Kitsap Tenant Support Services, Inc, Respondent: Gary E Lofland, YAKIMA, WA.

Judges: BENJAMIN H. SETTLE, United States District Judge.

Opinion by: BENJAMIN H. SETTLE

Opinion

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

This matter comes before the Court on Respondent Kitsap Tenant Support Services, Inc.'s ("Kitsap") motion to dismiss (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

I. PROCEDURAL HISTORY

On June 13, 2013, Petitioner Ronald K. Hooks ("Hooks"), Regional Director for Region 19 of the National Labor Relations Board (the "Board"), filed a petition for preliminary injunctive relief pursuant to *§ 10(i)* of the National Labor Relations Act. Dkt. 1.

On July 18, 2013, Kitsap filed a motion to dismiss. Dkt. 12. On August 5, 2013, [*2] the Board responded. Dkt. 14. On August 9, 2013, Kitsap responded. Dkt. 41.

II. FACTUAL BACKGROUND

The Board consists of five members who are appointed for five-year terms by the President with the advice and consent of the Senate. *29 U.S.C. § 153(a)*.

On January 4, 2013, President Obama appointed members Terence Flynn, Shannon Block ("Block") and Richard Griffin, Jr. ("Griffin") to the Board. Although the Senate was in session that day, President Obama chose not to nominate these individuals for confirmation by the Senate.

On February 28, 2013, Hooks issued an Amended Consolidated Complaint in the underlying administrative action. On March 27, 2013, Hooks subsequently issued a Second Amended Consolidated Complaint, which was then amended on April 16, 2013. On May 28, 2013, Hooks again amended the Complaint.

On July 16, 2013, the President submitted new nominations to the Board. On July 30, 2013, the Senate confirmed all five positions on the Board.

III. DISCUSSION

The Recess *Appointment clause* provides that the President "shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session." *U.S. Const. art. II, § 2, cl.3*.

In [*3] this case, Kitasp contends that the Board is without power to act because it lacks a properly appointed quorum. Kitsap has provided numerous recent cases for the proposition that "Recess" means the period of time between an adjournment *sine die* and the start of the Senate's next session. *See* Dkt. 41 at 2-3 (listing cases). While none of these cases are binding, the Court has re-

2013 U.S. Dist. LEXIS 114320, *3

viewed each case and finds the legal analysis persuasive. There is no need to add to what is thoroughly explained in *N.L.R.B. v. Enterprise Leasing Co. Southeast, LLC*, __ F.3d __, 2013 U.S. App. LEXIS 14444, 2013 WL 3722388 (4th Cir. 2013), and *N.L.R.B. v. New Vista Nursing and Rehabilitation*, 719 F.3d 203 (3rd Cir. 2013). Therefore, the Court adopts the reasoning in these cases and holds that "Recess" in the Recess *Appointment Clause* means the period of time between an adjournment *sine die* and the start of the Senate's next session.

As applied to the facts of this case, Hooks was without power to file the complaints against Kitsap in the underlying administrative matter. A petition for injunctive relief brought under *Section 10(j)* may be brought only "upon issuance of a complaint as provided in [*29 U.S.C. § 160(b)*]." *29 U.S.C. § 160(j)*. [*4] Without a valid complaint, Hooks is precluded from filing a petition for preliminary relief. Therefore, the Court grants Kitsap's motion to dismiss on this issue.

Hooks contends that, even if the Board lacks authorization, the actions of the Acting General Counsel Lafe E. Solomon ("Solomon"), including his delegation of authority to initiate legal action to Hooks, are still valid. First, Hooks asserts that President Obama validly appointed Solomon pursuant to the Federal Vacancies Reform Act ("FVRA"), *5 U.S.C. § 3345, et seq.* Dkt. 13 at 14-21. The FVRA, however, only permits the appointment of a person under specific circumstances and the only circumstance that could apply to Hooks is appointing a person who, within the last 365 days, has served as a personal assistant to the departing officer. *Id. § 3345(b)*. It is undisputed that Solomon has never served as a first assistant. Therefore, Hooks's argument is without merit.

Second, Hooks contends that the actions of Solomon are exempted from the penalty provisions of the FVRA and are, therefore, valid. Dkt. 13 at 17. Hooks is correct that the actions of Solomon are exempted from the penalty provision. This fact, however, does not grant [*5] him the authority to act pursuant to an improper appointment. Therefore, Hooks's argument is without merit.

IV. ORDER

Therefore, it is hereby **ORDERED** that Kitsap's motion to dismiss (Dkt. 12) is **GRANTED** and Hooks's petition is **DISMISSED**.

Dated this 13th day of August, 2013.

/s/ Benjamin H. settle

BENJAMIN H. SETTLE

United States District Judge

CHRIS LALAK