UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JAMES G. PAULSEN, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,

    Petitioner,

v.

ALL AMERICAN SCHOOL BUS CORP., *et al.*

    Respondents and Counterclaim/Third-Party Plaintiffs,

v.

JAMES G. PAULSEN, *et al.*,

    Counterclaim/Third-Party Defendants.

No. 1:13-cv-3762 (KAM)(RER)
Judge Kiyo A. Matsumoto

---

## NLRB'S RESPONSE TO RESPONDENTS' NOTICE OF SUPPLEMENTAL AUTHORITY

This Court should reject Respondents' reliance on *Hooks v. Kitsap Tenant Support Servs.*, 2013 WL 4094344 (W.D. Wash. Aug. 13, 2013).

First, the *Hooks* court's conclusion that the Acting General Counsel was without power to independently authorize the 10(j) petition cites to no authority and conflicts with every other district court to rule on that issue. *See Paulsen v. Remington Lodging & Hospitality*, No. 2:13-cv-02539-JFB-WDW, Dkt. No. 29, at 8-9 (E.D.N.Y. Aug. 14, 2013); *Rubin v. Hospital of Barstow, Inc.*, No. ED CV 13-933 CAS (DTBx), 2013 WL 3946543, at *5 (C.D. Cal. July 29, 2013);

*SFTC,* 2013 WL 1909154 at 3-6; *Kreisberg v. Healthbridge Mgmt.*, 2012 WL 6553103 at *5 n.9 (D. Conn. Dec. 14, 2012); *Calatrello v. JAG Healthcare*, 2012 WL 4919808, at *3 (N.D. Ohio Oct. 16, 2012); *Renaissance Equity Holdings*, 849 F. Supp. 2d at 350-51; *Fernbach v. 3815 9th Ave. Meat and Produce*, 2012 WL 992107 (S.D.N.Y. Mar. 21, 2012); *Gottschalk v. Piggly Wiggly*, 861 F. Supp. 2d 962, 964-65 (E.D.Wis. 2012); *Garcia*, 2012 WL 1322888, at*2 n.1. Indeed, often with extensive analysis not present in *Hooks*, these courts have upheld the Board's delegation and the Acting General Counsel's delegated authority in rejecting nearly identical challenges to Section 10(j) petitions.

Nor may Respondents rely on the *Hooks* court's holding that the Acting General Counsel's designation is invalid under the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.* ("FVRA"). Respondents do not purport to make such an argument in their letter of supplemental authority, nor could they, as they have waived that argument.[1] *See NLRB v. RELCO Locomotives, Inc.*, -- F.3d --, 2013 WL 4420775, at *24-25 (8th Cir. Aug. 20, 2013) (appointments challenges raised in letters of supplemental authority are waived); *see also Tolbert*

---

[1] In any event, the *Hooks* court's FVRA ruling is incorrect on its merits. With minimal analysis and no citation to any legal precedent, *Hooks* concluded that the Acting General Counsel's appointment violated the FVRA because the Acting General Counsel had never served as a first assistant to the departing officer. But the limitation regarding prior service as a first assistant applies only to designations made pursuant to § 3345(b)(1)(A) of the FVRA. The Acting General Counsel is serving under a designation made pursuant to § 3345(a)(3). Accordingly, the limitations applied by the *Hooks* court do not apply to the Acting General Counsel. *See, e.g.*, Cong. Rec., 105th Cong., 2nd sess. (Oct. 21, 1998) at p. 27496 ("Under § 3345(b)(1), the revised reference to § 3345(a)(1) means that this subsection applies only when the acting officer is the first assistant, and not when the acting officer is designated by the President pursuant to §§ 3345(a)(2) or 3345(a)(3).").

2

*v. Queens College,* 242 F.3d 58, 75 (2d Cir. 2001) (issues raised "in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Dated at Brooklyn, New York, August 23, 2013.

                                            Respectfully submitted,

                                            Annie Hsu, Counsel for Petitioner

                                            Erin Schaefer, Counsel for Petitioner
                                            National Labor Relations Board, Region 29
                                            Two MetroTech Center, Suite 5100
                                            Brooklyn, New York 11201