

**United States Government**

**NATIONAL LABOR RELATIONS BOARD**
**Region 29**
**Two MetroTech Center, Suite 5100**
**Brooklyn, New York 11201**

Phone: (718) 330-7713
Fax: (718) 330-7579

September 18, 2013

**VIA ECF AND HAND DELIVERY**

Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                              Re:    Paulsen v. All American School Bus
                                       Corp., et al.
                                       13-CV-3762 (KAM)

Dear Judge Matsumoto:

      On September 17, 2013, All American School Bus Corp., et al. (Respondents) filed a letter in which they renewed their request to the Court that it grant their Motion for a Stay Pending Appeal (Respondents' Motion) or that the Court hold an in-person status conference to order the parties to engage in group negotiations. Today, they filed another letter with Your Honor reiterating its position. Petitioner respectfully urges Your Honor to deny Respondents' requests.

      Respondents claim that because Local 1181-1061, Amalgamated Transit Union, AFL-CIO (the Union) has sought to bargain individually with each of the Respondents, the Union is attempting to frustrate Respondents' compliance with Your Honor's August 28, 2013 Order (Order). Respondents are not part of a multi-employer association, however, and therefore the Union is free to seek to bargain with Respondents individually or in combinations to which the parties agree. The mere fact that the Union is seeking to negotiate with Respondents separately is not evidence of bad faith. In fact, the Union has already commenced negotiation sessions with Reliant Transportation, Inc. separately. Moreoever, the parties are in the initial stages of re-establishing bargaining, which often consists of negotiating ground rules and setting up dates. Thus, Respondents' claim that the Union has engaged in some wrongdoing regarding scheduling sessions is unfounded. Significantly, Respondents have yet to formally inform the Court when it restored employees' previous terms and conditions of employment prior to the implementation of

their Best and Final Offer, which is a condition to continued bargaining. Thus, it would be premature to reach any conclusions about the status of bargaining at this early stage.

Your Honor's Order details the ways in which Respondents should verify its compliance with the Court's Order, and Petitioner will also inform the Court if it has reason to believe that there is a lack of compliance with the Order. Respondents have already filed a Motion for a Stay and an appeal of Your Honor's decision. Any disagreements with the Union regarding ground rules should be discussed with the Union itself. This Court is not the proper forum in which to discuss or litigate such matters and, quite frankly, it is improper for these issues to be dealt with through numerous letter filings with the Court. The Order issued by Your Honor enjoined Respondents' bad faith conduct, *not* the Union's, as Respondents seem to suggest. Given the above and all of the reasons in *Petitioner's Memorandum of Law in Opposition to Respondents' Motion for a Stay Pending Appeal*, ECF No. 68, September 11, 2013, Petitioner respectfully urges the Court not to grant Respondents' Motion or their request that Your Honor order the Union to negotiate with Respondents as a group, and to instruct Respondents to turn to compliance with the terms of Your Honor's Order.

Very truly yours,

Annie Hsu
Counsel for Petitioner

Erin Schaefer
Counsel for Petitioner

CC:

All counsel (via ECF and Regular Mail)