```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES G. PAULSEN, Regional Director
Of Region 29 of the National Labor
Relations Board, for and on behalf of
The NATIONAL LABOR RELATIONS BOARD

                Petitioner,
                                                **MEMORANDUM & ORDER**
            v.                                  13-CV-3762 (KAM)

ALL AMERICAN SCHOOL BUS CORP.,
ANJ SERVICE, INC., ATLANTIC QUEENS
BUS CORP., BOBBY'S BUS CO. INC.,
BORO TRANSIT, INC., B-ALERT INC.,
ATLANTIC ESCORTS INC., CITY WIDE
TRANSIT, INC., CANAL ESCORTS, INC.,
CIFRA ESCORTS, INC., EMPIRE STATE
ESCORTS, INC., GOTHAM BUS CO. INC.,
GRANDPA'S BUS CO., INC., HOYT
TRANSPORTATION CORP., IC ESCORTS INC.,
KINGS MATRON CORP., LOGAN
TRANSPORTATION SYSTEMS, INC., LONERO
TRANSIT INC., LORISSA BUS SERVICE INC.,
MOUNTAINSIDE TRANSPORTATION CO., INC.,
PIONEER SCHOOL BUS RENTAL, INC.,
PIONEER TRANSPORTATION CORP., RAINBOW
TRANSIT INC., AMBOY BUS CO., INC.,
RELIANT TRANSPORTATION, INC.,
RPM SYSTEMS INC., SCHOOL DAYS INC.
and TUFARO TRANSIT CO. INC.,

                Respondents,

            v.

JAMES G. PAULSEN, Regional Director
of Region 29 of the National Labor
Relations Board, for and on behalf of
The NATIONAL LABOR RELATIONS BOARD,

                Counterclaim Defendant,

        and

SHARON BLOCK and RICHARD GRIFFIN,
```

1

members of the National Labor
Relations Board, and LAFE SOLOMON,
ACTING GENERAL COUNSEL of the National
Labor Relations Board,

    Third-Party Defendants.

-----------------------------------X

**MATSUMOTO, United States District Judge:**

On July 3, 2013, Petitioner James G. Paulsen, Regional Director of Region 29 of the National Labor Relations Board ("NLRB"), acting for and on behalf of the NLRB, filed a motion seeking a preliminary injunction under section 10(j), 29 U.S.C. § 160(j), of the National Labor Relations Act (the "Act"), 29 U.S.C. §§ 151-169, against respondents, bus companies that contract with the New York City Department of Education ("DOE") to provide school bus transportation services to students. (ECF No. 1, Motion for Preliminary Injunction, 7/3/13.) On July 12, 2013, respondents filed an answer, a counterclaim against petitioner, and a third-party complaint against former NLRB members Sharon Block and Richard F. Griffin, Jr., and former NLRB acting general counsel Lafe E. Solomon. (ECF No. 18, Answer, Third Party Complaint, and Counterclaim ("Answer"), 7/12/13.)

Pending before the court is a motion to dismiss respondents' counterclaim and third-party complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil

Procedure 12(b)(1), filed by petitioner, former NLRB members Block and Griffin, and former NLRB acting general counsel Solomon (collectively, "defendants"). (ECF No. 56, Motion to Dismiss for Lack of Jurisdiction ("Mot."), 8/16/13.) For the reasons provided below, defendants' motion to dismiss the counterclaim and the third-party complaint for lack of subject matter jurisdiction is granted.

**BACKGROUND**

    **A.   General Background**

The general facts of this case have been set forth by the court in detail in previous decisions and will only be summarized briefly here. The respondents in this case are 28 companies that contract with DOE to provide school bus transportation for general and special education students. After twelve negotiation sessions with Local 1181-1061, Amalgamated Transit Union, AFL-CIO ("Local 1181"), five of which followed the termination of a strike by Local 1181, respondents declared an impasse because the union apparently would not agree to include a Most Favored Nations ("MFN") clause in the collective bargaining agreement ("CBA") during the negotiations sessions. Under the MFN clause, if Local 1181 granted an employer certain specified economic terms more favorable than the equivalent terms in its CBAs with respondents, then any respondent could adopt those more favorable terms in its CBA

with Local 1181.  (ECF No. 63, Preliminary Injunction Order ("Preliminary Injunction Order"), 8/28/13, at 4-12.)  After reviewing the parties' arguments, and the exhibits and transcript of the testimony presented at a NLRB hearing before Administrative Law Judge Raymond P. Green,[1] this court found that (i) the consolidated complaint and the petition for section 10(j) relief were filed with valid legal authority, (ii) there was reasonable cause to believe that respondents had committed an unfair labor practice, (iii) injunctive relief was just and proper, and (iv) the public interest and the balance of the equities were served in this case by granting the relief sought by petitioner.  (*Id.* at 33-36.)

On October 23, 2013, this court denied respondents' motion to stay the Preliminary Injunction Order.  (ECF No. 77, Order Denying Stay of Preliminary Injunction Order ("Order Denying Stay"), 10/23/13.)

### B.  Facts Related to Motion to Dismiss

The other facts relevant to this motion to dismiss are largely undisputed and primarily drawn from the Answer and certain other documents.[2]  On November 9, 2011, when the NLRB had

---

[1] On September 20, 2013, Judge Green issued his decision, in which he found respondents had violated the Act, and that they should cease and desist their unlawful actions, rescind their unilateral changes, and make whole employees affected by unfair labor practices.  *All Am. Sch. Bus Corp.*, 2013 NLRB LEXIS 632 (N.L.R.B. Sept. 20, 2013).

[2] "[I]n adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by

4

three members, including Craig Becker, who was appointed by President Obama during an intrasession recess of the Senate on March 27, 2010, it "delegate[d] to the General Counsel full authority on all court litigation matters that would otherwise require Board authorization." *Order Contingently Delegating Authority to the General Counsel*, 76 Fed. Reg. 69,768-69,769 (Nov. 9, 2011). This delegation included the authority to issue section 10(j) petitions. (*Id.*) The Third Circuit Court of Appeals subsequently held that Becker's nomination was invalid because it occurred during an intrasession recess of the Senate and thus violated the Recess Appointments Clause of the Constitution, U.S. Const. art II, § 2, cl. 3. *NLRB v. New Vista Nursing & Rehab.*, 719 F.3d 203 (3d Cir. 2013).

Block and Griffin were also appointed to the NLRB by President Obama during an intrasession recess of the Senate on January 4, 2012. *Noel Canning v. NLRB*, 705 F.3d 490, 498 (D.C. Cir. 2013). The Fourth Circuit Court of Appeals and the D.C. Circuit Court of Appeals later held that President Obama's intrasession appointments of Block and Griffin violated the Recess Appointments Clause of the Constitution. *NLRB v. Enter.*

---

reference to evidence outside the pleadings, including affidavits." *State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007; *see also Burfeindt v. Postupack*, 509 F. App'x 65, 67 (2d Cir. 2013) (summary order) ("[I]n dismissing a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), a court 'may refer to evidence outside the pleadings.'") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

5

*Leasing Co. Se., LLC*, 722 F.3d 609 (4th Cir. 2013); *Noel Canning*, 705 F.3d 490.[3]  Paulsen was approved as regional director of Region 29 of the NLRB on January 6, 2013 when the NLRB consisted of Block, Griffin, and Mark Pearce.  (Answer at 5.)

The consolidated complaint was issued by Paulsen on June 10, 2013 (ECF No. 1-6, Consolidated Complaint, 6/10/13), and the petition for section 10(j) relief was issued on July 3, 2013, (ECF No. 1, Motion for Preliminary Injunction, 7/3/13).  Former NLRB Acting General Counsel Solomon, however, ratified the issuance of the complaint in a letter on July 12, 2013.  (ECF No. 26-5, Letter from Lafe E. Solomon to Peter Kirsanow, 7/12/13, at 3 (stating that "although Regional Director Paulsen has at all relevant times held the authority to issue the challenged complaint on my behalf, I also now expressly ratify the issuance of the complaint.").)

The NLRB currently has five members who have all been confirmed by the Senate.  *See Board Members Since 1935*, http://www.nlrb.gov/who-we-are/board/board-members-1935 (last visited Nov. 9, 2013).  Griffin was sworn in as the NLRB's general counsel on November 4, 2013.  *See Richard F. Griffin, Jr.*, http://www.nlrb.gov/who-we-are/general-counsel/richard-f-griffin-jr (last visited Nov. 9, 2013).

---

[3] The Fourth Circuit and the D.C. Circuit courts also held that Terence Flynn was invalidly appointed to the NLRB.

**DISCUSSION**

**A. Legal Standard**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova*, 201 F.3d at 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). Moreover, "[w]hen considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000) (citing *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)).

Additionally, it is well settled that courts "avoid reaching constitutional questions when they are unnecessary to the disposition of a case." *Anobile v. Pelligrino*, 303 F.3d 107, 123 (2d Cir. 2002); *see also Hutchinson v. Proxmire*, 443 U.S. 111, 122 (1979) ("Our practice is to avoid reaching constitutional questions if a dispositive nonconstitutional ground is available."); *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) ("The Court will not pass upon a constitutional question

7

although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.") (Brandeis, J., concurring).

### B. Application

Respondents claim that this court has subject matter jurisdiction over their counterclaim and third-party complaint based on two legal theories. First, respondents argue that this court has jurisdiction pursuant to 28 U.S.C. § 1361, the Mandamus Act, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Respondents also argue that this court has jurisdiction under *Leedom v. Kyne*, 358 U.S. 184 (1958), because defendants' actions "plainly violate the applicable governing statute or the United States Constitution." (Answer at 4.) These arguments will be discussed below.

#### 1. 28 U.S.C. § 1361.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff *only* if he has exhausted all other avenues of relief and *only* if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (emphasis added). To establish jurisdiction under 28 U.S.C. § 1361, respondents must

8

show "(1) a clear right . . . to the relief sought; (2) a plainly defined and peremptory duty on the part of [defendants] to do the act in question; and (3) [that there is] no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (quoting *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir.1972)).

Respondents claim that jurisdiction is appropriate under the Mandamus Act because the actions taken by defendants "constitute a plain constitutional and statutory violation." (ECF No. 56-5, Opposition to Motion to Dismiss ("Opp."), 8/12/13, at 6.) Respondents also argue that there is no adequate remedy available, other than review in this court, because (1) the decisions to issue the consolidated complaint and to initiate section 10(j) proceedings are *not* "reviewable by a circuit court of appeals," and (2) they cannot seek circuit court review of a final NLRB order because there was no lawfully appointed quorum and thus "there was no [NLRB]" to issue an order that can be appealed under the Act. (*Id.* at 6-7.)

These arguments lack merit for several reasons. As an initial matter, because "the language, structure, and history of the [Act], as amended, clearly differentiate between 'prosecutorial' determinations, to be made solely by the General Counsel and which are *not* subject to review under the Act, and 'adjudicatory' decisions, to be made by the [NLRB] and which are

9

subject to judicial review," the Supreme Court has explicitly stated that the Act "plainly cannot be read to provide for judicial review of the General Counsel's prosecutorial function." *NLRB v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 129, 130 (1987) (emphasis added). The Act grants "final authority" to issue complaints to the general counsel, 29 U.S.C. § 153(d), and as this court has previously held, former acting general counsel Solomon also had the authority to approve a section 10(j) proceeding regardless of whether President Obama's recess appointments to the NLRB were constitutional. (Preliminary Injunction Order at 12-14; Order Denying Stay at 6-11; *see infra* Discussion section B.2.) Accordingly, these decisions are the types of "prosecutorial determinations," integral to the exercise of the "prosecutorial function" by the general counsel for which *no* judicial review is available, even under the Mandamus Act. *United Food & Commercial Workers Union*, 484 U.S. at 112, 129, 130.

Second, as defendants correctly point out, the NLRB's adjudication of an unfair labor practice case can be reviewed by a circuit court of appeal after the issuance of an order by the NLRB. 29 U.S.C. §§ 160(e), (f); *United Food & Commercial Workers Union*, 484 U.S. at 118-122. The Supreme Court has determined that this process provides "an adequate opportunity to secure judicial protection against possible illegal action on

the part of the [NLRB]" because the NLRB cannot enforce its own orders and, when a circuit court reviews an NLRB order, "all questions of the jurisdiction of the [NLRB] and the regularity of its proceedings and *all questions of constitutional right or statutory authority*, are open to examination by the court." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48-49 (1938) (emphasis added) (quoting *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 46-47 (1937)); *see also Amerco v. NLRB*, 458 F.3d 883, 887 (9th Cir. 2006) (affirming a district court's holding that it did not have subject matter jurisdiction to enjoin an unfair labor practice hearing for alleged constitutional violations because "review in the courts of appeals is both exclusive and comprehensive" for such allegations)(citing *Myers*, 303 U.S. at 43, 46, 48-49); *Remington Lodging & Hospitality, LLC v. Ahearn*, 749 F. Supp. 2d 951, 957 (D. Alaska 2010) (holding that "district courts do not have authority to enjoin [unfair labor practice] hearings" in denying a writ of mandamus and granting a motion to dismiss for lack of subject matter jurisdiction).

Moreover, respondents cannot plausibly argue that they are unable to make their constitutional arguments before the Second Circuit because, in the circuit court cases they rely upon to argue that a valid quorum of the NLRB does not exist, those circuit courts held that President Obama's intrasession

11

recess appointments were unconstitutional *after* reviewing NLRB orders that had been appealed. *See Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013); *NLRB v. New Vista Nursing & Rehab.*, 719 F.3d 203 (3d Cir. 2013); *NLRB v. Enter. Leasing Co. Se., LLC*, 722 F.3d 609 (4th Cir. 2013). Therefore, this court lacks subject matter jurisdiction under 28 U.S.C. § 1361 because respondents have failed to show that there is "no other adequate remedy available." *Anderson*, 881 F.2d at 5 (quoting *Lovallo*, 468 F.2d at 343).

### 2. *Leedom v. Kyne*

Respondents also argue that this court has jurisdiction under *Leedom v. Kyne*, which provides that district courts have jurisdiction "to strike down an order of the [NLRB] made in excess of its delegated powers and contrary to a specific prohibition in the Act." *Leedom*, 358 U.S. at 188. This basis for jurisdiction is "'a narrow one,' and is not to be applied 'whenever it can be said that an erroneous assessment of the particular facts before the [NLRB] has led it to a conclusion which does not comport with the law.'" *New York Racing Assoc. v. NLRB*, 708 F.2d 46, 55 (2d Cir. 1983) (quoting *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964)). To establish that this court has jurisdiction under *Leedom*, respondents must demonstrate that "the NLRB has acted contrary to a specific mandate of the [Act]." *United Fed. of Coll.*

*Teachers v. Miller*, 479 F.2d 1074, 1075 (2d Cir. 1973). Here, respondents argue that defendants have violated 29 U.S.C. § 153(b), which states that a quorum of the NLRB requires three members, by taking certain actions in the absence of a lawful quorum resulting from President Obama's allegedly unconstitutional intrasession recess appointments to the NLRB. (Opp. at 8-14.) Respondents' arguments, however, fail for the reasons set forth in previous decisions by this court and by the Second Circuit in *Kreisberg v. Healthbridge Management, LLC.*, No. 12-4890-cv, 2013 U.S. App. LEXIS 20837 (2d Cir. Oct. 15, 2013).

First, respondents argue that the acting general counsel and petitioner do not have the legal authority to prosecute this case because they were acting on behalf of the NLRB even though the NLRB did not have a quorum of three lawfully appointed members. (Opp. at 10-11.) But as explained in this court's Preliminary Injunction Order and the Order Denying Stay, this court agrees with the thorough and persuasive analysis of Judge Cogan in *Paulsen v. Renaissance Equity Holdings, LLC*, and consequently reaffirms its holding that Congress intended to permit the NLRB to delegate its section 10(j) powers to the general counsel based on the legislative history of the Taft-Hartley Act, that the NLRB lawfully delegated its section 10(j) powers, and that because "Congress

13

created the post of General Counsel to ensure that certain prosecutorial functions operate without regard to the [NLRB][,] [t]he General Counsel's validly-delegated power to initiate § 10(j) petitions therefore does not vanish when the [NLRB] loses its quorum." 849 F. Supp. 2d 335, 345, 350 (E.D.N.Y. 2012). Thus, the acting general counsel and the regional director can exercise powers that have been lawfully delegated to them by the NLRB, which includes the ability to prosecute section 10(j) proceedings, even if the NLRB no longer has a lawful quorum.[4]

Second, respondents argue that the NLRB did not have a lawful quorum when it delegated authority to initiate section 10(j) proceedings to the acting general counsel. (Opp. at 11-13.) As explained at length in the Order Denying Stay, however, this court has held that, regardless of whether President Obama's recess appointments or the 2011 delegation to the acting general counsel were valid, the NLRB had properly delegated authority to the general counsel to initiate section 10(j) proceedings in a 2001 delegation that was affirmed in a 2002 delegation. (Order Denying Stay at 6-11.) This holding is consistent with the Second Circuit's recent decision in *Kreisberg*, in which the court held, *inter alia*, that (i) the Act permitted "a properly constituted [NLRB] to delegate its § 10(j)

---

[4] The NLRB currently has five members who have all been confirmed by the Senate. *See* "Board Members Since 1935," http://www.nlrb.gov/who-we-are/board/board-members-1935.

14

power and enable the General Counsel to prosecute . . . violations [of the Act] before a federal district court," (ii) "the delegation of § 10(j) authority to the General Counsel . . . survives even when the [NLRB] subsequently lacks a quorum," and (iii) "the earlier 2001 and 2002 Delegations were effective in August 2012 without regard to the 2011 Delegation." (Order Denying Stay at 10 (quoting *Kreisberg*, 2013 U.S. App. LEXIS 20837 at *19-20, 23).) Consequently, the acting general counsel was exercising validly delegated authority in prosecuting this section 10(j) proceeding regardless of whether President Obama's recess appointments are constitutional or the 2011 delegation is valid.

Third, respondents argue that the NLRB did not have a lawful quorum when petitioner was appointed regional director, and he therefore lacked the legal authority to issue the consolidated complaint. (Opp. at 13-14.) Respondents' argument, however, does not account for the fact that the NLRB's acting general counsel has ratified the issuance of the consolidated complaint, curing any alleged defect in its issuance resulting from the NLRB's alleged appointment of petitioner without a proper quorum. (ECF No. 26-5, Letter from Lafe E. Solomon to Peter Kirsanow, 7/12/13, at 3 (stating that "although Regional Director Paulsen has at all relevant times held the authority to issue the challenged complaint on my

15

behalf, I also now expressly ratify the issuance of the complaint.").)  Therefore, the consolidated complaint was validly issued regardless of the constitutionality of President Obama's recess appointments and this court need not "reach[] constitutional questions" argued by respondents because "they are unnecessary to the disposition of [this] case."  *Anobile*, 303 F.3d at 123.

Because respondents have failed to demonstrate that "the NLRB has acted contrary to a specific mandate of the [Act]," this court lacks jurisdiction under *Leedom*.  *United Fed. of Coll. Teachers*, 479 F.2d at 1075.  The court also notes, for the reasons provided in Discussion section B.1, that respondents are *not* "wholly deprive[d] . . . of a meaningful and adequate means of vindicating [their] statutory rights" because they can still make their constitutional arguments before the Second Circuit.  *Bd. of Governors of the Fed. Reserve Sys. V. MCorp Fin.*, 502 U.S. 32, 43 (1991).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the counterclaim and third-party complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is granted. The clerk of court is respectfully requested to enter judgment in favor of petitioner and counterclaim defendant James G. Paulsen, Regional Director of Region 29 of the NLRB, acting for and on behalf of the NLRB, and third-party defendants Sharon Block, Richard F. Griffin, Jr., and Lafe E. Solomon. The clerk of court is further respectfully requested to close this case.

**SO ORDERED.**

_____/s/_____

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
November 14, 2013